# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

United States of America, )
                    Plaintiff, )
v. ) Criminal Case No. 02-0160-02-CR-W-FJG
Rasheeda Maxwell, ) Civil Case No. 04-0007-CV-W-FJG
                    Defendant. )

## ORDER

Before the Court is defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582, Doc. #76, filed March 10, 2005. However, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will also construe the motion as seeking habeas relief under 28 U.S.C. § 2255.

Regarding § 3582, the only relevant provision is (c)(2), which provides:

The court may not modify a term of imprisonment once it has been imposed except that –

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant points to no reduction by the Sentencing Commission. Therefore, to the extent that the pending motion is based on 18 U.S.C. § 3582, it is denied.

Defendant filed her first § 2255 motion (amended) on January 9, 2004, and the Court subsequently denied the action on March 24, 2004. (Case No. 02-0160-02-CR-W-FJG.) Defendant's pending motion can be construed as a second § 2255 motion. As a result, the pending motions must be reviewed as successive § 2255 motions.

A prisoner cannot bring a second, or collateral, § 2255 motion unless it contains a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. The pending motion is silent on newly discovered evidence.

For a new rule to be retroactive to cases on collateral review for purposes of a § 2255 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336 (11th Cir. 2005). Further, the Supreme Court ruling in United States v. Booker, 125 S.Ct. 738 (U.S. 2005), does not apply to defendant's pending motion. In this regard, "[r]egardless of whether Booker established a 'new rule of constitutional law' . . . the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review." Id. "Put simply, Booker itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." Id. Because defendant fails to make a *prima facie* showing of either of the grounds for collateral review under § 2255, her petition for relief must be dismissed.

For the foregoing reasons, the Court denies the pending motion.

IT IS SO ORDERED.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated: May 16, 2005
Kansas City, Missouri

Case 4:02-cr-00160-FJG   Document 79   Filed 05/16/05   Page 2 of 2